RICHARD H. CLARKE, as Substituted Committee of the Estate of DAVID ROSENHAUS, an Incompetent, Appellant, *v.* THE PUBLIC NATIONAL BANK AND TRUST COMPANY OF NEW YORK, Formerly Known as THE PUBLIC NATIONAL BANK OF NEW YORK, Respondent.

First Department, December 18, 1931.

*Richard H. Clarke* of counsel [*Nicholas A. Donnelly* with him on the brief], for the appellant.

*Sam L. Cohen* of counsel [*Felix A. Fishman* with him on the brief; *Moses & Singer*, attorneys], for the respondent.

McAvoy, J. The substituted committee of an incompetent brought action to recover from defendant bank the amount of twenty-six insurance checks issued by the United States Veterans' Bureau, aggregating the sum of $1,500.57, and twenty-one compensation checks issued by the United States Veterans' Bureau, aggregating the sum of $2,100.

A commission was issued originally to one Louis Rosenhaus, father of the incompetent, as committee of David Rosenhaus. Thereafter, and on the 19th day of January, 1926, an order was made revoking the appointment of Louis Rosenhaus as such committee and directing him to account and appointing the plaintiff herein as substituted committee of the said David Rosenhaus and directing the said committee to deposit the moneys which may come into his hands in the National City Bank and to take and state the account of said removed committee.

Plaintiff duly qualified as such substituted committee and a

commission was duly issued to him as such substituted committee, and he is now acting as such committee.

The referee appointed to take and state the account of said Louis Rosenhaus, the removed committee, filed his report in the office of the clerk of the county of New York, surcharging the account of Louis Rosenhaus with the sum of $12,254.59.

This report was confirmed and the order surcharged the account of the removed committee with the sum of $12,254.59, and directed said removed committee to pay over to the plaintiff, the substituted committee of the incompetent, the said sum of $12,254.59.

An action was brought against the removed committee by plaintiff here to recover the sum of $12,254.59 and a judgment was entered in favor of the plaintiff and against Louis Rosenhaus for said sum.

Thereafter, an execution was issued to the sheriff of the county of New York on said judgment and the sheriff collected the sum of $171.56, leaving a balance of $12,310.01.

The plaintiff also collected the sum of $1,500 from the National Surety Company, who furnished the bond at the time of the appointment of Louis Rosenhaus as committee of David Rosenhaus.

While Louis Rosenhaus, the removed committee, was acting as such, he received from the United States government monthly checks in the sum of $100 for compensation and in the sum of $57.50 for war risk insurance. These checks were drawn on the Treasurer of the United States, United States Veterans' Bureau, and were signed by the disbursing clerk and made payable sometimes to Louis Rosenhaus, Committee of David Rosenhaus, and sometimes to Louis Rosenhaus, Comm. of David Rosenhaus, and sometimes to Louis Rosenhaus, Gdn. of David Rosenhaus. Louis Rosenhaus was never the guardian of David Rosenhaus.

All of these compensation checks were indorsed by Louis Rosenhaus individually and deposited in his personal account with the defendant bank, and the proceeds were collected by said bank.

There are twenty-six insurance checks in all. Five of these insurance checks were indorsed by Louis Rosenhaus and Henry Shulman and were deposited by the said Henry Shulman in his account in the defendant bank. One check was indorsed by L. Berkow and Louis Rosenhaus and deposited in defendant bank.

The remaining twenty insurance checks were all indorsed by Louis Rosenhaus and deposited in his personal account with the defendant bank. The proceeds of all of these checks were collected and received by the defendant bank.

Louis Rosenhaus, the removed committee, opened a personal account in the defendant bank on November 3, 1923, and signed a signature card and an investigation card.

The plaintiff has pleaded two causes of action. The first cause of action is for aiding the defendant in the conversion of the compensation checks and the second cause of action is for aiding the defendant in the conversion of the insurance checks. We think that the faces of the checks show that they were drawn for trust funds and they were drawn not to Louis Rosenhaus individually, but to his order in a fiduciary capacity.

The bank was required to exercise ordinary care and should have inquired at the time of the deposit of these checks in the individual account of Louis Rosenhaus, whether or not the checks were the individual funds of Louis Rosenhaus or were for him in a fiduciary capacity.

Each compensation check was for the sum of $100 and was presented to the bank and was deposited by Louis Rosenhaus, monthly, in his individual account from April 1, 1924, to December 1, 1925, a series of twenty-one checks. The insurance checks were twenty-six in number, each for the same amount, $57.50, and twenty were deposited, monthly, by Louis Rosenhaus with the defendant bank from November 1, 1923, to November 4, 1925. Four or five of the checks, however, were made out to the order of Louis Rosenhaus, Gdn. of or for David Rosenhaus. They were deposited in the individual account of Louis Rosenhaus with the defendant bank. This sequence of checks for similar amounts monthly should have of itself warned the bank of their fiduciary character when accompanied by a designation of the payee as Comm., Committee and Gdn — guardian. The defendant bank having been placed on its inquiry by the form of the checks, which were manifestly trust funds held by a committee, it was its duty to inquire from Louis Rosenhaus as to his authority to deposit the checks in his individual account. Such inquiry would have disclosed that the Empire Trust Company was designated as the depository of the funds of the estate, and that Louis Rosenhaus, such committee, was required to furnish a bond in the sum of $1,500. Not inquiring as to the authority of Louis Rosenhaus to deposit the checks in question in his individual account, we think that it was derelict in its duty, and upon conversion of the proceeds of the checks by Louis Rosenhaus, the defendant bank aided and abetted in said conversion by accepting the checks for deposit in the individual account of Louis Rosenhaus.

We do not think the plaintiff is precluded by any doctrine of election from maintaining this action because of the institution of the former action against Louis Rosenhaus. The doctrine of election of remedies applies when the plaintiff seeks to enforce irreconcilable claims. Louis Rosenhaus converted to his own use

the sum of $12,254.59. The plaintiff is entitled to recover the amount so converted from any one and everyone who has participated in the conversion.

Louis Rosenhaus was liable for the amount converted by him. The defendant bank is liable for negligence in receiving the funds of the incompetent's estate with notice that they were trust funds and for receiving the same in violation of the order which named the Empire Trust Company as the depository, and thereby aiding Rosenhaus in the conversion. The remedies are consistent and concurrent. A plaintiff may recover from any and all persons, moneys belonging to him which these persons have converted or have aided in converting.

Louis Rosenhaus, the defendant in the first action brought by the plaintiff, and the defendant in this action are not joint tort feasors, but separately liable for the acts performed by each.

The order and judgment appealed from should be reversed, with costs, and judgment directed in favor of the plaintiff, with costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Judgment and order reversed, with costs, and judgment directed in favor of the plaintiff, with costs.